UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abel Aaron Nelson,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Referee Elizabeth Clysdale, *in her individual and official capacities*, Henson and Efron, P.A., Lisa Spencer, Anne Haaland, State of Minnesota, Judge Thomas a Gilligan, *in his individual and official capacities*, Minnesota Judicial Branch, Minnesota Department of Human Services-Child Support Division, Sarah Lyn Derry, *formerly known as Sarah Nelson*, Matthew Shore, and Andrew Brower,<br><br>　　　　　　Defendants. | Case No. 25-cv-1404 (LMP/DJF)<br><br><br>**ORDER** |

　　This matter is before the Court on *Plaintiff's Motion for Alternate Service* ("Motion") (ECF No. 15).  Plaintiff asks the Court to issue an order authorizing alternate service of the Summons and Complaint in this matter on Defendant Sarah Lynn Derry because Ms. Derry has allegedly evaded several attempts of service through personal delivery.  (*Id.* at 1-3.)  Plaintiff cites Federal Rule of Civil Procedure 4(e)(1), which allows service on an individual pursuant to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Under Minnesota law, "'a plaintiff may effectively serve a summons and complaint by two methods: (1.) personally under Minn. R. Civ. P. 4.03; or (2.) acknowledgment by mail under Minn. R. Civ. P. 4.05 [waiver of service].'" *Fischer v. Mortgage Electronic Registration Systems*, Civ. No. 9-3506 (PJS/JSM), 2010 WL 3283420, at *2 (D. Minn. July 30, 2010) (quoting *Turek v. ASP of Moorhead, Inc.,* 618 N.W.2d 609, 611 (Minn. Ct. App. 2000), *rev. denied* (Minn. Jan. 26, 2001).  Plaintiff asks the Court to authorize service on

Ms. Derry by First-Class U.S. Mail and Certified Mail, deeming service effective three days after service.  (ECF No. 15 at 3.)

But it does not appear that Plaintiff has sought waiver of service, as permitted under both Fed. R. Civ. P. 4(d) and Minn. R. Civ. P. 4.05.  Under both the Federal Rules of Civil Procedure and the Minnesota Rules of Civil Procedure, the Court may impose the costs of service on any defendant who fails, without good cause, to sign and return a waiver of service.  Fed. R. Civ. P. 4(d)(2); Minn. R. Civ. P. 4.05(b).  The Court declines to authorize any form of alternative service before Plaintiff exhausts all traditional means, including requesting a waiver, and thus denies his Motion (ECF No. 15) without prejudice.  Rather, the Court directs Plaintiff to send Ms. Derry a waiver of service, consistent with Fed. R. Civ. P. 4(d), warning that the costs of service will be imposed on her if she does not waive service.  If Ms. Derry fails to sign and return the waiver of service, the Court may impose any expense later incurred in reattempting service, and any reasonable expenses related to any motion required to collect those expenses.  *See* Fed. R. Civ. P. 4(d)(2); Minn. R. Civ. P. 4.05(b).

**IT IS SO ORDERED**

Dated: May 30, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge