UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abel Aaron Nelson,

Court File No. 25-cv-01404 (LMP/DJF)

Plaintiff,

vs.

Referee Elizabeth Clysdale, in her official
and individual capacity; Judge Thomas A.
Gilligan, in his official and individual
capacity; State of Minnesota; Minnesota
Judicial Branch; Minnesota Department of
Human Services – Child Support Division;
Sarah Derry (formerly Sarah Nelson);
Henson & Efron, P.A; Lisa Spencer; Anne
Haaland; Matthew Shore; Andrew Brower,

**STATE DEFENDANTS'
REPLY MEMORANDUM
IN SUPPORT OF
MOTION TO DISMISS
AMENDED COMPLAINT**

Defendants.

## INTRODUCTION

The Court should grant Referee Clysdale, Judge Gilligan, the State of Minnesota,

the Minnesota Judicial Branch, and the Minnesota Department of Human Services' ("State

Defendants") motion to dismiss. Plaintiff recycles the same losing arguments made in state

court and asserts legal conclusions without support. But more troubling, Plaintiff makes

several misrepresentations of fact and law, providing citations that are inaccurate or do not

exist. Dismissal of State Defendants is proper because Referee Clysdale and Judge Gilligan

are protected by judicial immunity, the State of Minnesota, the Minnesota Judicial Branch,

and the Minnesota Department of Human Services are protected by sovereign immunity,

and the complaint otherwise fails to state a claim.

**ARGUMENT**

State Defendants respectfully request dismissal of the Amended Complaint with prejudice. Plaintiff's claims are barred by the *Younger* abstention doctrine's domestic relations exception; the Court lacks jurisdiction under *Rooker-Feldman*; Referee Clysdale and Judge Gilligan are protected by the doctrine of absolute judicial immunity; and the State of Minnesota, Minnesota Judicial Branch, and the Minnesota Department of Human Services are protected by sovereign immunity, and the Amended Complaint otherwise fails to state a claim.

I.     PLAINTIFF'S CLAIMS ARE BARRED BY JUDICIAL IMMUNITY.

A.     The *Ex Parte Young* Exception Only Applies to Prospective Relief.

In its opening brief, State Defendants argued that Plaintiff's claims against Referee Clysdale and Judge Gilligan are barred by judicial immunity. ECF Doc. 56 at 11. The Amended Complaint makes clear that Plaintiff is seeking redress against these defendants because of judicial acts taken during his family court case. Indeed, he expressly asks this Court to void past state court rulings by Referee Clysdale and Judge Gilligan. ECF Doc. 5, 3–5. This is exactly the type of retrospective relief that is barred by judicial immunity. *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019).

Plaintiff argues that Judge Gilligan made several errors of law in interpreting his state court requests to void Referee Clysdale's order. And even if Plaintiff *was* correct (he is not), Judge Gilligan is still entitled to judicial immunity. *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). Such claims are barred by judicial immunity.

**B.    Section 351.02 Is Inapplicable.**

Plaintiff argues that judicial immunity does not apply because Referee Clysdale lacked jurisdiction to make the rulings in his case. ECF Doc. 58 at 3, 6. In support, Plaintiff cites Minnesota Statute Section 351.02(4), which reads in relevant part, "Every office shall become vacant on the happening of either of the following events… the incumbents ceasing to be an inhabitant of the state, district, county, town, or city for which the officer was elected or appointed." Section 351 applies to elected offices as is made clear by the title of the statute ("Vacancy in Public Office") and the numerous references to incumbents. But Referee Clysdale's position is not subject to Section 351 at all; rather, referees are governed by Section 484.70, subd. 1 and only hold office at the pleasure of district court judges. This statute also explicitly limits the powers and duties of a referee. Section 484.70, subd. 7(a)-(b). Even so, and unlike District Court judges, Referee Clysdale is not an incumbent because she was not elected and does not hold public office as an elected official subject to a residency requirement under Section 351.02(4). Minn. Const. Art. VI, Sec. 4 .  There is no residency requirement for Minnesota's district court referees.

Even if Section 351.02 did apply to judicial referees, Plaintiff's argument still fails. All of the challenged orders in his state court case were co-signed by district court judges. Referee's findings and orders are not court orders *until* they are co-signed by a district court judge.  Section 484.70, subd. 7(c).  Plaintiff attempts to elude this obvious fact by arguing there was no "meaningful" review of Referee Clysdale's orders by a district court judge, violating his due process. Plaintiff has not specified what type of due process violation he is asserting; regardless, his arguments are unpersuasive.

"Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated." *Id*. at 445–46. Assuming Plaintiff is arguing his procedural due process rights were violated, he has not identified a process that was not sufficient. Assuming Plaintiff asserts a substantive due process claim, he has not identified a fundamental right or interest at stake, nor has he identified an action by State Defendants that shocks the conscience. Plaintiff may argue that he has a fundamental right to have his case heard by a district court judge. Section 484.70, subd.6 provides a method for parties to object to a referee in a timely manner. Plaintiff did not do so. *See also* Minn. R. Gen. Pract. 107 (any party objecting to having referee hear contested matter shall serve and file objection within ten days of notice of assignment). He only raised his concerns about Referee Clysdale after she gave him an unfavorable ruling— a ruling subsequently signed and given effect by a district court judge. In addition, there is no legal requirement that a judge review a referee's proposed order for any specific amount of time and Plaintiff has supplied no authority on what constitutes "meaningful" judicial oversight. It is also common for judges and referees to confer about cases before filing their orders. Confirmation by a district court judge also establishes the propriety of the initial referral to the referee and the co-signed order only becomes effective with the signature of a district court judge. Minn. Stat. § 484.70, subd. 7(c).

Finally, even if Referee Clysdale was subject to a residency requirement, and even if a district court judge did not sign her orders, Minnesota courts have consistently held that judicial acts by de facto judges are valid, even when the de facto judge's authority is

4

procedurally defective. *See State v. Irby*, 820 N.W.2d 30, 35 (Minn. Ct. App. 2012), aff'd on other grounds, 848 N.W.2d 515 (Minn. 2014) (collecting cases).

## II.    PLAINTIFF FORFEITS DISPOSITIVE ARGUMENTS AGAINST STATE DEFENDANTS.

State of Minnesota, the Minnesota Judicial Branch, and the Minnesota Department of Human Rights argued for dismissal because all claims against them are barred by sovereign immunity. Plaintiff did not address those arguments in his opposition memorandum and accordingly any opposition is forfeited. *See Taaffe v. Am. Fed'n of Gov't Emps., Loc. 1969*, No. 23-CV-2037 (WMW/TNL), 2024 WL 363754, at *3 (D. Minn. Jan. 31, 2024) (citing *Demien Constr. v. O'Fallon Fire Prot.*, 812 F.3d 654, 657 (8th Cir. 2016)).

Additionally, State Defendants argued that Plaintiff's claims against the Minnesota Department of Human Rights – Child Support Division should be dismissed because Plaintiff incorrectly named them as a defendant and no authority permits suit against a division of a Minnesota agency. *See Doe v. Mower Cnty. Health & Hum. Servs. Off. of Child Support*, No. 18-CV-3221 (WMW/KMM), 2019 WL 3824256, at *1 n.1 (D. Minn. Aug. 15, 2019). Plaintiff did not address this argument and any opposition is forfeited.

## III.    THIS MATTER IS BARRED BY *ROOKER-FELDMAN*.

Plaintiff presents three arguments to elude the *Rooker-Feldman* doctrine: 1) his state court case has concluded; 2) he is not seeking to reverse state court judgments; and 3) state remedies are ineffective to resolve his constitutional claim. All three arguments fail.

### A.    Plaintiff's State Court Case Is Ongoing.

First, as Plaintiff's own pleadings acknowledge, his state court is case is ongoing. His assertion otherwise is, at best, a misunderstanding. At worst, he is intentionally misrepresenting the status of the case to gain an advantage in this litigation. The state court case is still active. Most recently on June 18, 2025, Judge Gilligan appointed a special master to oversee the disbursement of marital property, which either Plaintiff or Defendant Derry may contest. MCRO Index #521. And Plaintiff has appealed Judge Gilligan's April 24, 2025, order, which is still pending with the Appellate Family Mediation Program. MCRO Index #517–19. That order addressed many of the same argument Plaintiff makes here, namely Referee Clysdale's jurisdiction. Because there are still active proceedings, the Court should abstain under *Younger*.

### B.    Plaintiff Asks This Court to Reverse a State Court Judgment.

Second, Plaintiff argues that he is not seeking to reverse a state court judgment but is instead alleging constitutional violations arising from Referee Clysdale's orders. This is a distinction without a difference. *Rooker-Feldman* precludes federal action if the relief requested in the federal action would effectively reverse the state court decision. *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). Plaintiff admits that he brought this case because he believes Minnesota State Courts did not effectively address his arguments about Referee Clysdale's residency.[1] He expressly asks for such a judgment.

---

[1] Plaintiff appears to argue both that Minnesota state courts did not address his complaints by either ignoring his arguments or by dismissing them procedurally and that Judge Gilligan's ruling on the matter was incorrect.

Because this case requires the Court to review prior state court rulings, it is barred by *Rooker-Feldman*. *See Nazario v. Quaintance*, No. 12-554 JRT/AJB, 2012 U.S. Dist. LEXIS 119738, at \*17-18 (D. Minn. Aug. 3, 2012) (citing *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) ("[i]f the *Rooker-Feldman* doctrine applies, federal courts lack subject matter jurisdiction")). *See also, P.G. v. Ramsey County*, 141 F. Supp. 2d 1220, 1229-30 (D. Minn. 2001) (lower federal courts do not have jurisdiction over claims that are 'inextricably intertwined' with claims adjudicated in state court).

### C.    Plaintiff Asks This Court to Reverse State Court Judgment.

Third, Plaintiff argues that *Rooker-Feldman* does not bar his claims because his relief is not available in state court. This argument fails. As Plaintiff concedes multiple times in his opposition memorandum, he has raised the same claims again and again in state court. Most recently, on April 9, 2025, Plaintiff asked Judge Gilligan to reconsider his argument, which was denied. MCRO Index #494. The only reason he has brought this federal case is he does not like the outcome. The *Rooker-Feldman* doctrine applies "if the federal claims can succeed only to the extent the state court wrongly decided the issues before it." *Delgado v. Midland Credit Mgmt., Inc*., No. 23-CV-2128 (ECT/JFD), 2024 WL 1255490 (D. Minn. Mar. 25, 2024) (quoting *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011)). In other words, Plaintiff cannot raise a challenge in state court, lose, and then refile his complaint in federal court, asking the federal court to find differently.

Accordingly, the Court lacks jurisdiction under *Rooker-Feldman*.

IV.    **THE COURT SHOULD DECLINE JURISDICTION UNDER *YOUNGER*.**

As argued supra, Plaintiff's state court case is ongoing, and he has not exhausted his state court appellate review. *See* Ramsey County Court File 62-FA-21-428; Minnesota Appellate Case #A25-0827. The Court should decline jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny.

V.    **PLAINTIFF MISREPRESENTS CITED AUTHORITY.**

The cases and authority cited by Plaintiff are either taken out of context, irrelevant, support State Defendants' arguments, or are incorrectly cited. For example, Plaintiff argues that Referee Clysdale acted outside of her jurisdiction by exceeding her authority under Rule 14 of the Minnesota Rules of General Practice. ECF Doc. 58 at 3. Minn. R. Gen. Prac. 14 refers e-filing and e-service.[2] It is completely irrelevant to the delegated authority of judicial referees. Plaintiff also cites *Valley* [sic] *v. N. Fire & Marine Ins. Co.*, 107 Minn. 162 (1909) to support his appointment argument. ECF Doc. 58 at 3. Counsel for State Defendants could not locate that case with that citation. *Valley* is a real U.S. Supreme Court case about the adjudication of a bankruptcy trustee that was later superseded by statute. 254 U.S. 348 (1920). Plaintiff's provided quotation does not appear in the text of the opinion. The provided citation is for *Bean v. Keller Mfg.*, 107 Minn. 162 (1909), a case about the availability of contributory negligence defense in a personal injury trial. The provided quotation does not appear in that case either. Plaintiff also cites *Stump v. Sparkman*, for the proposition that the U.S. Constitution does not protect "actions taken in

---

[2] This rule is available online: https://www.revisor.mn.gov/court_rules/gp/id/14/ (last visited June 19, 2025).

the absence of jurisdiction." 435 U.S. 349, 356–57 (1978); ECF Doc. 58 at 4. The provided citation actually supports State Defendants' arguments. In *Stump*, the Supreme Court found that a judge was immune from damages for granting a sterilization petition in error because the judge had general jurisdiction. *Stump* at 359-60. Plaintiff also cites *Forrester v. White*, 484 U.S. 219 (1988). There the Supreme Court held that judges were not entitled to absolute immunity for nonjudicial, administrative acts. *Forrester*, 484 U.S. at 229–30. The Amended Complaint only seeks relief for judicial acts and does not allege that Referee Clysdale or Judge Gilligan acted in an administrative capacity. *Forrester* is irrelevant.

Plaintiff quotes the Court in *Patsy v. Bd. of Regents* 457 U.S. 496, 516 (1982) as writing, "State proceedings cannot bar a federal action when they provide no reasonable opportunity to raise constitutional claims." ECF Doc. 58 at 5. This quotation does not exist in that opinion. Plaintiff quotes a dissent from *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), a case where the Supreme Court found that abstention was appropriate. Plaintiff quotes the 10th Circuit in *Orner v. Shalala*, 30 F.3d 1307, 1308 (10th Cir. 1994) as writing, "Federal courts have jurisdiction over constitutional claims regardless of whether the state forum addressed or refused to hear them." This quotation does not exist.

The myriad of irrelevant, incorrect, and non-existent legal authority provided by Plaintiff is concerning. It is even more troubling considering the Minnesota Court of Appeals noted that Plaintiff engaged in similar conduct in his writ of mandamus application. *See* ECF Doc. 57-1, Ex. 7 at ¶ 5. State Defendants have spent resources responding to Plaintiff's frivolous arguments and researching his citations. While pro se

parties are entitled to some latitude, Rule 11's obligations to conduct reasonable inquiry and make accurate representations to the Court apply to all persons who sign pleadings. *See Ginter v. Southern*, 611 F.2d 1226, 1227–28 n. 1 (8th Cir. 1979) (Rule 11 applies with equal strength to attorneys and pro se litigants). While State Defendants have not moved for formal sanctions at this time, the Court should be aware that Plaintiff has made similar misstatements of law in prior state court and has done it again in this Court. Coupling this with Plaintiff's haphazard approach to commencing this lawsuit, and his recently filed but procedurally premature motion for judgment on the pleadings.[3] ECF Doc. 66. Plaintiff is needlessly multiplying proceedings in this matter, wasting the time and money of the Defendants.

## CONCLUSION

State Defendants respectfully request that the Court apply principles of sovereign and judicial immunity and dismiss the complaint with prejudice. Further, State Defendants respectfully request that the Court dismiss the complaint under Rooker-*Feldman* and the *Younger* abstention doctrines. Dismissal should be with prejudice because Plaintiff's claims are not viable in any court.

---

[3] Plaintiff's 12(c) motion is procedurally improper as no party has answered the complaint and pleadings are not closed. *See* Fed. R. Civ. P. 7(a); Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2018) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer…") (footnote omitted). Additionally, Plaintiff did not meet and confer with any defendant as required under Local Rule 7.1(a). Unless the Court requests, State Defendants do not intend on filing a response.

Dated:  June 24, 2025                    Respectfully submitted,

                                          KEITH ELLISON
                                          Attorney General
                                          State of Minnesota

                                          s/ Matthew A. McGuire
                                          MATTHEW A. MCGUIRE (0402754)
                                          NICK PLADSON (0388148)
                                          Assistant Attorneys General

                                          445 Minnesota Street, Suite 600
                                          St. Paul, Minnesota 55101-2131
                                          (651) 300-7482 (Voice)
                                          (651) 282-5832 (Fax)
                                          Matthew.McGuire@ag.state.mn.us
                                          Nick.Pladson@ag.state.mn.us

                                          ATTORNEYS FOR STATE DEFENDANTS

|#6108920-v1