UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ABEL AARON NELSON,

                Plaintiff,

v.

REFEREE ELIZABETH CLYSDALE, *in her official and individual capacities*; JUDGE THOMAS A. GILLIGAN, *in his official and individual capacities*; HENSON & EFRON, P.A.; LISA SPENCER; ANNE HAALAND; STATE OF MINNESOTA; MINNESOTA JUDICIAL BRANCH; MINNESOTA DEPARTMENT OF HUMAN SERVICES – CHILD SUPPORT DIVISION; SARAH LYNN DERRY; MATTHEW SHORE; and ANDREW BROWER,

                Defendants.

Case No. 25-cv-1404 (LMP/DJF)

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

---

Abel Aaron Nelson, pro se.

Matthew Anthony McGuire and Nicholas J. Pladson, **Minnesota Attorney General's Office, St. Paul, MN**, for Defendants Referee Elizabeth Clysdale, Judge Thomas A. Gilligan, State of Minnesota, Minnesota Judicial Branch, and Minnesota Department of Human Services – Child Support Division.

Jessica C. Richardson and Kelly Fisher Sofio, **Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN**, for Defendants Henson & Efron, P.A., Lisa Spencer, and Anne Haaland.

Mark A. Bloomquist, **Meagher & Geer, P.L.L.P., Minneapolis, MN**, for Defendant Andrew Brower.

Matthew Shore, pro se.

Sarah Lynn Derry, pro se.

Since 2021, Plaintiff Abel Aaron Nelson ("Nelson") has been engaged in contested divorce proceedings in Minnesota state court with his former wife, Defendant Sarah Lynn Derry ("Derry"). After the state court entered a divorce decree and other orders adverse to Nelson, Nelson filed this Section 1983 action against Derry, Derry's attorneys and their law firm, a neutral financial expert in the divorce proceedings, a court-appointed custody evaluator in the divorce proceedings, state court judicial officers overseeing the divorce proceedings, and a variety of state entities. *See* ECF No. 5. The core of Nelson's lawsuit is that the referee presiding over the divorce proceeding—Defendant Referee Elizabeth Clysdale ("Referee Clysdale")—was disqualified under state law from adjudicating the divorce proceedings. *Id.* ¶¶ 1–2, 5–9. As relief, Nelson seeks a declaration that orders issued by Referee Clysdale are void, and an injunction preventing Defendants from enforcing any of Referee Clysdale's orders. *Id.* ¶¶ 10–13. All Defendants move to dismiss Nelson's amended complaint. *See* ECF Nos. 31, 35, 43, 48, 60. Nelson has filed opposition briefs to Defendants' motions. *See* ECF Nos. 58, 67.

Nelson's lawsuit is barred by the *Rooker-Feldman* doctrine. As a result, the Court grants Defendants' motions and dismisses this action for lack of subject-matter jurisdiction.

## FACTUAL BACKGROUND

*State Court Proceedings*

Nelson and Derry's divorce proceedings were initiated in Minnesota state court on March 16, 2021. *See Derry v. Nelson*, 62-FA-21-428, Index #2 (Minn. Dist. Ct. Mar. 16,

2

2021).[1]  Following a three-day trial before Referee Clysdale, on November 13, 2023, Referee Clysdale issued Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree ("Decree") awarding marital assets and assigning parenting time. *See* ECF No. 5-1 at 2–46.  The Decree was signed by Referee Clysdale and a state district judge.  *Id.* at 46.  As a part of the marital property division, the Decree required Nelson to pay Derry an equalizer payment of $1,455,608.  *Id.* at 44.  The Decree also granted Derry a $328,340 share of Nelson's 401(k) retirement plan.  *Id.* at 39–40.  The Decree also awarded Derry the marital homestead and net proceeds from the sale of properties owned by Nelson's business.  *Id.* at 37–39.

Dissatisfied by this division of property, Nelson sought to reopen and amend the Decree, and Referee Clysdale issued an Amended Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree ("Amended Decree") on May 16, 2024, to correct a clerical error.  *See* State Court Docket, Index #239.  The Amended Decree was also signed by a state district judge, *id.* at 45, but it did not substantively change the Decree.

On July 15, 2024, Nelson appealed the Amended Decree to the Minnesota Court of Appeals.  *See* State Court Docket, Index #251.  While Nelson's appeal was pending, Nelson filed several motions in the state district court arguing that Referee Clysdale was disqualified from presiding over Nelson's divorce proceedings.  *See* State Court Docket, Index #306, 316.  Nelson observed that the Minnesota Constitution requires that "[e]ach

---

[1]   The Court may take judicial notice of public judicial records.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).  Citations to the state court docket will be cited as "State Court Docket."

3

judge of the district court in any district shall be a resident of that district at the time of his selection and during his continuance in office." State Court Docket, Index #329 at 5 (quoting Minn. Const. art. VI, § 4). Nelson alleged that Referee Clysdale lived in Wisconsin, not Minnesota, so she was ineligible to hold judicial office under the Minnesota Constitution. *Id.* Referee Clysdale ruled against Nelson and denied these motions, holding that the Minnesota Constitution's residency requirement applied to district judges, not referees. *Id.* Nelson then sought a petition for a writ of mandamus from the Minnesota Court of Appeals, arguing that Referee Clysdale's residency in Wisconsin rendered all of her rulings in the divorce proceedings void. ECF No. 5-2 at 4–14. The Minnesota Court of Appeals denied the petition on October 15, 2024, agreeing with Referee Clysdale that the Minnesota Constitution's residency requirement did not apply to referees. *See* ECF No. 5-2 at 64.

Undeterred, Nelson returned to district court and again moved for Referee Clysdale's disqualification, citing the Minnesota Constitution's residency requirement for district judges. ECF No. 5-1 at 47–52. Nelson also cited to Minn. Stat. § 351.02 and Minn. Stat. § 609.415 in support of his argument that Referee Clysdale was disqualified. *Id.* at 51. On November 13, 2024, Judge Thomas A. Gilligan denied Nelson's motion to disqualify Referee Clysdale. *Id.* at 47–52. Nelson then filed a "motion for judicial notice and declaration of void orders" in his pending appeal of the Amended Decree at the Minnesota Court of Appeals. *See* ECF No. 5-2 at 46–48.

On May 27, 2025, the Minnesota Court of Appeals affirmed the Amended Decree issued by Referee Clysdale and signed by the state district judge. *See Nelson v. Derry*, No.

4

A24-1135, 2025 WL 1498063, at *1 (Minn. Ct. App. May 27, 2025). The court further denied Nelson's motion for judicial notice, holding that Nelson had not adequately preserved the issue of Referee Clysdale's residency for review. *Id.* at *8. The court also noted that it had previously denied Nelson's petition for a writ of mandamus and explained that "[t]o the extent [Nelson] now seeks the same relief by motion based on a similar argument, he appears to be seeking a rehearing." *Id.* at *8 n.3. That request was denied, however, because "[p]etitions for rehearing are not allowed in the court of appeals." *Id.* (citing Minn. R. Civ. App. P. 140.01).

### *Federal Court Proceedings*

While Nelson's appeal of the Amended Decree was pending before the Minnesota Court of Appeals, he filed this Section 1983 lawsuit. *See* ECF No. 5 (amended complaint). Nelson alleges that his federal due process rights were violated in the divorce proceedings because, pursuant to Minn. Stat. § 351.02, Referee Clysdale was disqualified from holding judicial office. *Id.* ¶¶ 1–2, 5–9. As relief, Nelson seeks damages, a declaration that orders issued by Referee Clysdale are void, and an injunction preventing Defendants from enforcing Referee Clysdale's orders. *Id.* ¶¶ 10–13.

All Defendants move to dismiss Nelson's amended complaint. *See* ECF Nos. 31, 35, 43, 48, 60. Defendants raise a variety of grounds for dismissal, including the *Rooker-Feldman* doctrine, *Younger* abstention, the domestic relations exception, judicial immunity, witness immunity, sovereign immunity, ineffective service of process, and failure to state a claim.

## ANALYSIS

"Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A federal court lacks subject-matter jurisdiction over a case if that case is barred by the *Rooker-Feldman* doctrine.[2] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). That is because "only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010) (citation omitted) (internal quotation marks omitted). The doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. "[I]f a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again." *Prince v. Ark. Bd. of Exam'rs in Psych.*, 380 F.3d 337, 340 (8th Cir. 2004).

---

[2]  The doctrine is named for the two U.S. Supreme Court cases articulating its contours: *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine "precludes district courts from obtaining jurisdiction both over the rare case styled as a direct appeal . . . as well as more common claims which are 'inextricably intertwined' with state court decisions." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (citations omitted). A federal claim is "inextricably intertwined" with a state court decision if the "federal claim would succeed only to the extent that the state court wrongly decided the issues before it." *Id.* (citation omitted) (internal quotation marks omitted).

With this framework in mind, there is no question that Nelson's federal lawsuit is barred by *Rooker-Feldman*. It is true, as Nelson observes, that his lawsuit is not styled as a direct appeal of Referee Clysdale's Amended Decree. But the giveaway is in Nelson's request for relief: a declaration that the Amended Decree is invalid, and an injunction against enforcement of the Amended Decree. ECF No. 5 ¶¶ 10–13. Therefore, although couched as a Section 1983 action, Nelson squarely seeks this Court's review and rejection of the Amended Decree—a task that is forbidden by *Rooker-Feldman*. *See Exxon Mobil Corp.*, 544 U.S. at 284. And Nelson's lawsuit can only succeed to the extent that the state court wrongly decided that Referee Clysdale was not disqualified from presiding over Nelson's divorce proceedings. Accordingly, Nelson's federal claim is "inextricably intertwined" with a state court decision and is barred by *Rooker-Feldman*. *Simes*, 354 F.3d at 827.

Cases like this one are legion in this District, and all suffer the same fate: dismissal under *Rooker-Feldman*. *See Sayen v. Schurrer*, No. 18-cv-3417 (NEB/HB), 2019 WL 2424049, at *4 (D. Minn. Apr. 4, 2019) ("The *Rooker-Feldman* doctrine is frequently

7

applied to bar federal-court challenges to state-court divorce and custody proceedings."), *report and recommendation adopted*, 2019 WL 2422478 (D. Minn. June 10, 2019), *aff'd*, 791 F. App'x 637 (8th Cir. 2020); *see also Rued v. Hatcher*, No. 23-cv-2685 (NEB/DJF), 2023 WL 10409535, at *1 (D. Minn. Sept. 7, 2023); *Olson v. Hennepin County*, No. 21-cv-2661 (SRN/DTS), 2022 WL 2135433, at *3–4 (D. Minn. June 14, 2022); *Huntsman v. 3M Co.*, No. 19-cv-02 (PAM/DTS), 2019 WL 4015158, at *3 (D. Minn. Aug. 26, 2019); *Gulbronson v. McKeig*, No. 12-cv-600 (SRN/AJB), 2012 WL 4815070, at *4–5 (D. Minn. Sept. 25, 2012), *report and recommendation adopted*, 2012 WL 4815065 (D. Minn. Oct. 10, 2012); *Peterson v. Arnold*, No. 09-cv-890 (PJS/RLE), 2009 WL 2972486, at *5 (D. Minn. Sept. 10, 2009); *O'Grady v. Johnson*, No. 05-cv-2203 (JNE/JJG), 2006 WL 2403579, at *8–11 (D. Minn. Aug. 18, 2006), *aff'd*, 282 F. App'x 496 (8th Cir. 2008). This case is no different.

It is of no consequence that Nelson's state-court appeal of the Amended Decree was pending at the time he initiated this lawsuit. As the Eighth Circuit has explained, "that an appeal is pending in the [] state court[] does not mean that a federal district court has jurisdiction to consider a parallel appeal." *Parker L. Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021). Accordingly, "*Rooker-Feldman* applies to state court judgments that are not yet final." *Id.* All that matters, then, is that the state court judgment was "rendered before the district court proceedings commenced." *Exxon Mobil Corp.*, 544 U.S. at 284. Here, the Amended Decree was issued on May 16, 2024, State Court Docket, Index #236, and Nelson initiated this lawsuit on April 14, 2025, ECF No. 1. *Rooker-*

*Feldman* therefore deprives this Court of subject-matter jurisdiction to hear Nelson's claims.

Liberally construed, Nelson's opposition briefs contain only one paragraph of argument opposing application of the *Rooker-Feldman* doctrine. Specifically, Nelson argues that he "do[es] not seek to reverse a state judgment but instead challenge[s] ongoing constitutional violations arising from void judicial acts committed by a disqualified officer and knowingly perpetuated by state and private actors under color of law." ECF No. 58 at 4. For the reasons described above, Nelson may not recast his judicial-disqualification challenge under Section 1983. *See Prince*, 380 F.3d at 340. Rather, he must "follow the appellate procedure through the state courts" and seek review, if necessary, before the U.S. Supreme Court. *Id.* The fact that Nelson may not like the answer he receives in state court provides no reason to invoke federal jurisdiction over Nelson's claims.[3]

## **CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[3] Because the Court concludes that it lacks subject-matter jurisdiction over this case under *Rooker-Feldman*, it need not address Defendants' alternative bases for dismissal.

Additionally, on May 8, 2025, Nelson moved for a temporary restraining order to enjoin Defendants from seizing assets in his 401(k) retirement account to satisfy the Amended Decree. *See* ECF No. 11. Because the Court lacks subject-matter jurisdiction and must dismiss this case, the Court denies Nelson's motion as moot. On June 12, 2025, Nelson also moved for judgment on the pleadings. ECF No. 66. That motion is also denied.

1. Defendants' Motions to Dismiss (ECF Nos. 31, 35, 43, 48, 60) are **GRANTED**.

2. Nelson's Motion for Judgment on the Pleadings (ECF No. 66) is **DENIED**.

3. Nelson's Motion for a Temporary Restraining Order (ECF No. 11) is **DENIED as moot**.

4. The complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.[4] *See* Fed. R. Civ. P. 12(h)(3).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 17, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[4] A dismissal for lack of subject-matter jurisdiction must be made without prejudice. *See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004).